**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO:  **11-90329** |
| **Karen Renee Bumpus** | ) | |
| **Matias Bosquez** | ) | Chapter 13 |
| SSN(s): **xxx-xx-2520, xxx-xx-6990** | ) | |
| **705 Gibson Lane** | ) | |
| **Huntington, TX 75949** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Debtor | ) | |

**You should read this Plan carefully and discuss it with your attorney.  Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

# CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1.    **Submission of Income.**  Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2.    **Plan Payments and Length of Plan.**  Debtor will pay the sum of ____**$1,461.00**____ per ____**month**____ to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of ____**60**____ months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time.  The term of this Plan shall not exceed sixty (60) months.  See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4).  Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☐    Variable Plan Payments

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (10/29/2011) | 60 (09/29/2016) | $1,461.00 | $87,660.00 |
| | | Grand Total: | $87,660.00 |

3.    **Payment of Claims.  The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** Allowed claims shall be paid to the holders thereof in accordance with the terms thereof.  From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified.  Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

4.    **Administrative Claims.**  Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

     (A).  **Trustee's Fees.**  Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

     (B).  **Debtor's Attorney's Fees.**  The total attorney fee as of the date of filing of the petition is ____**$4,000.00**____.  The amount of ____**$61.00**____ was paid prior to the filing of the case.  The balance of ____**$3,939.00**____ will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments.  The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

Case No:   11-90329
Debtor(s):   **Karen Renee Bumpus**
   **Matias Bosquez**

5.   **Priority Claims.**

(A).   **Domestic Support Obligations.**

☑   None.  If none, skip to Plan paragraph 5(B).

(i).   Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

(ii).   The name(s) and address(es) of the holder of any domestic support obligation are as follows.  See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

(iii).   Anticipated Domestic Support Obligation Arrearage Claims

(a).   Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).  These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

☑   None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage<br>claim | (c)<br>Projected monthly arrearage<br>payment |
|---|---|---|
| | | |

(b).   Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

☑   None; or

Claimant and proposed treatment:

| (a)<br>Claimant | (b)<br>Proposed Treatment |
|---|---|
| | |

(B).   **Other Priority Claims (e.g., tax claims).**  These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| **IRS** | **$20,519.00** |

6.   **Secured Claims.**

(A).   **Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i).   **Pre-confirmation adequate protection payments.**   Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C).  If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection.  If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

Case No:   11-90329
Debtor(s):   **Karen Renee Bumpus**
**Matias Bosquez**

Debtor shall make the following adequate protection payments:

☐   directly to the creditor; or

☐   to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
|  |  |  |

(ii).   **Post confirmation payments.**   Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b).  If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing.  See § 1325(a)(5).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e).  Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court.  Payments distributed by the Trustee are subject to the availability of funds.

☑   None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Estimated Claim | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
|  |  |  |  |  |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e).  The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim.  Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court.  Payments distributed by the Trustee are subject to the availability of funds.

☑   None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
|  |  |  |  |  |

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due.  These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise.  Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.  Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

Case No:   11-90329
Debtor(s):   **Karen Renee Bumpus**
**Matias Bosquez**

| (a)<br>Creditor; and<br>(b)<br>Property description | (c)<br>Estimated pre-petition<br>arrearage | (d)<br>Interest<br>rate | (e)<br>Projected monthly<br>arrearage payment |
|---|---|---|---|
| **Visual Software Solutions**<br>**7.09 acres, 750 Gibson Ln, Huntington** | **$4,940.00** | **0.00%** | **Pro-Rata** |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a)<br>Creditor | (b)<br>Collateral to be surrendered |
|---|---|
| **Gemb/bombardier** | **2005 Honda Shadow** |

(D). **Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated<br>Claim |
|---|---|---|
|  |  |  |

7. **Unsecured Claims.** Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is ___**$51,725.00**___. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of ___**$49,496.00**___. Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein. Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑ None; or

| (a) Creditor; and<br>(b) Nature of lease or executory contract | (c)<br>Payment to be<br>paid directly by<br>Debtor | (d)<br>Payment to be<br>paid through<br>plan by<br>Trustee | (e)<br>Projected<br>arrearage monthly<br>payment through<br>plan (for<br>informational<br>purposes) |
|---|---|---|---|
|  |  |  |  |

9. **Property of the Estate.** Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

Case No:   11-90329
Debtor(s):   **Karen Renee Bumpus**
**Matias Bosquez**

10. **Post-petition claims.** The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

11. **General Provisions.** Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions. Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b). Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

(A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
| --- | --- |
|  |  |

(B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
| --- | --- |
|  |  |

**Visual  Software Solutions**

(C). **Additional provisions.**

**Trustee's Recommendation Concerning Claims**
Notwithstanding any provision herein to the contrary, the deadline for the Trustee to file the Trustee's Recommendation Concerning Claims, as well as the deadline for filing objections to the Trustee's Recommendation Concerning Claims and objections to claims shall be governed by the Local Bankruptcy Rule 3015(g)

**Tax refunds**
All future tax refunds which Debtor(s) receive during the term of the plan, starting with the tax refund, if any, to be received for the tax year 2011, shall be turned over to the Trustee within ten (10) days of receipt of such, to the extent said refunds exceed $__00, and shall be added to the plan base. Whether or not a tax refund is due, Debtor(s) shall provide a copy of their tax return to the Trustee within ten (10) days of filing such during the term of the Plan.

**Replacement Value Not Set at Confirmation**

Notwithstanding any other provision herein to the contrary, the value(s) of the collateral securing the claims, if any, as set forth in Paragraph 6(A)(ii)(b) of the Chapter 13 Plan are not determined upon the entry of this confirmation order absent an agreement or previouis Court order  relating to the collateral's value and such agreement or Court order is incorporated into the provisions of this Confirmation Order

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above. The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Date:   **September 29, 2011**         **/s/ Karen Renee Bumpus**
                                        Karen Renee Bumpus, Debtor

**/s/ W. David Stephens**                **/s/ Matias Bosquez**
W. David Stephens, Debtor's Attorney     Matias Bosquez, Debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

IN RE:    **Karen Renee Bumpus**                          CASE NO.    **11-90329**
          **Matias Bosquez**
                                                          CHAPTER    **13**

### Certificate of Service

---

I, the undersigned, hereby certify that on date set out below that a copy of the above plan with any attachments was served on each party in interest LISTED ON THE ATTACHED MASTER MAILING MATRIX by placing each copy in an envelope property addressed, postage fully prepaid, or via electronic means, if available, in compliance with local rule 9013(g).

Date:    **9/29/2011**                          **/s/ W. David Stephens**

                                               **W. David Stephens**
                                               Attorney for the Debtor(s)